[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, David Dodge, who is charged with driving under the influence in violation of Connecticut General Statute § 14-227a, filed a motion to dismiss the charge pursuant to Practice Book § 41-8
(5). He claims that his detention by New London police officers which led to his arrest was not justified based on the holding of State v. Donahue,251 Conn. 636 (1999). The motion to dismiss is denied.
 FACTUAL FINDINGS
The court has carefully considered the evidence introduced at the hearing on this motion and finds that the following facts were proven by a preponderance of the evidence:
On November 17, 1999, at approximately 1:00 a.m., New London police officers, Wayne Neff and Michelle Tryon, were in a marked police vehicle on Tilley Street in New London. They observed a Ford Explorer traveling westbound on Tilley Street and took up a position behind that vehicle. They followed that vehicle down Tilley Street to its intersection to Washington Street. At Washington Street the vehicle turned left onto Washington Street. The police vehicle followed the Ford Explorer on Washington Street which turns into Coit Street. At the intersection of Coit and Truman Street, there is a traffic light which was red and the Explorer stopped. While the Explorer was stopped, a passenger exited. The passenger was recognized as an individual known by the police officers to be associated with drug activity. When the light turned green, the Explorer turned left. Both officers testified that the Explorer did not display a turn signal. Officer Wayne Neff who was driving the police vehicle activated its lights and siren and pulled over the Ford Explorer. Officer Neff stated he stopped the Explorer because of its failure to give a turn signal, which is a violation of Connecticut General Statute § 14-242. When Officer Neff approached the driver's side of the vehicle, he observed the operator, later identified to be the defendant, to have glassy, blood shot eyes and he detected the odor of alcoholic CT Page 6741 beverages. The defendant was asked to perform field sobriety tests by Officer Tryon, which he failed. The defendant was issued a summons for operating under the influence in violation of Connecticut General Statute § 14-227a and failing to use a turn signal in violation of Connecticut General Statute § 14-242.
 DISCUSSION
In his motion to dismiss, the defendant states that there was no charge for failing to give a turn signal. At the hearing, the defendant's attorney acknowledged that at the time of the stop, the defendant was given a ticket for failing to give a turn signal. The trust of the defendant's argument is that the police were not justified in stopping his vehicle; thus, any evidence which flows from the stop is inadmissible and should not be the basis for prosecution. He argues all charges against him should be dismissed.
In making its decision, the court is guided by the language of the case cited by the defendant, State v. Donahue, 251 Conn. 636 (1999). In that case, the Connecticut Supreme Court reviewed the law on legal justification for defendant's detention. The court stated:
 Article first, §§ 7 and 9 of our state constitution permit a police officer in appropriate circumstances and in an appropriate manner detain an individual for investigative purposes even though there is no probable cause to make an arrest. In determining whether the detention was justified in a given case, a court must consider if [b]ased upon the whole picture the detaining officers [had] a particularized and objective basis for suspecting the particular person stopped criminal activity. . . . A court reviewing the legality of a stop must therefore examine the specific information available to the police officer at the time of the initial intrusion and any rational inferences to be derived therefrom. . . .
. . .
 Police have the right to stop for investigation short of arrest where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot. . . . [I]n justifying the particular intrusion the police officer must be able to point to CT Page 6742 specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion. (Citations omitted, internal quotation marks omitted.)
State v. Donahue, 251 Conn. 636, 644, 645 (1999).
The court understands the defendant to argue that in this case there was no reasonable articulable suspicion to stop the defendant's motor vehicle. His claim is that he was stopped simply because he was in a high crime target area, early in the morning and a person associated with drug activity exited his vehicle. If there was nothing more to justify the stop, the court might begin to discern the "insidious specter of profiling" which concerned the court in Donahue, infra.
In this case, however, there was testimony from both police officers that the defendant's motor vehicle did not show a turn signal when executing a left turn. The failure to indicate a turn signal is a violation of Connecticut General Statutes and does give rise to a reasonable and articulable suspicion that proscribed activity has occurred. Having such a reasonable and articulable suspicion, the police officers were justified in pulling over the defendant's motor vehicle and conducting their initial investigation. That initial investigation led the police officers to a determination that there was probable cause to arrest the defendant for driving under the influence.
Accordingly, the motion to dismiss is denied.
Domnarski, J.